**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **CLIVE T. ROUNDY and KRISTINE M. ROUNDY,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiffs,** | |
| **v.** | **Case No. 2:13-cv-1053-TC-PMW** |
| **ZIONS BANCORPORATION; HARRIS H. SIMMONS; ZIONS NATIONAL BANK; ZIONS CAPITAL TRUST B; CALLISTER NEBEKER & McCULLOUGH; JAMES D. GILSON; J. TAYLER FOX; HUGH SMITH; and DOES 1-15,** | **District Judge Tena Campbell** |
| **Defendants.** | **Magistrate Judge Paul M. Warner** |

District Judge Tena Campbell referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  At the outset, the court notes that Clive T. Roundy and Kristine M. Roundy (collectively, "Plaintiffs") are proceeding pro se in this case.  Consequently, the court will construe their pleadings and other submissions liberally.  *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

---

[1] *See* docket no. 3.

Before the court are Plaintiffs' (1) motion for early discovery[2] and (2) motion for judicial notice.[3]  The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda.  *See* DUCivR 7-1(f).  The court will address the motions in turn.

### I.  Plaintiffs' Motion for Early Discovery

Rule 26(f) of the Federal Rules of Civil Procedure requires parties to hold a conference to develop a proposed discovery plan.  *See* Fed. R. Civ. P. 26(f).  In relevant part, rule 26(d)(1) of the Federal Rules of Civil Procedure provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."  Fed. R. Civ. P. 26(d)(1).  A party may be permitted to conduct expedited discovery upon a showing of good cause.  *See, e.g.*, *Crazy ATV, Inc. v. Probst*, No. 1:13-cv-00114-RJS-DBP, 2014 U.S. Dist. LEXIS 6414, at *3-4 (D. Utah Jan. 16, 2014).

Plaintiffs seek to conduct discovery in advance of the rule 26(f) conference.  Plaintiffs argue that good cause exists to allow such discovery because Defendants have allegedly failed to provide Plaintiffs with documents and information concerning Plaintiffs' mortgage loan. Plaintiffs assert that they need discovery concerning the holder of the subject promissory note

---

[2] *See* docket no. 2.

[3] *See* docket no. 12.

("Note") and Deed of Trust ("Trust Deed"), any assignments of the Note or Trust Deed, and the identity of the "securitizing parties."[4]

In their response to Plaintiffs' motion, Defendants first argue that they have already provided Plaintiffs with the information sought in their request for early discovery.  Defendants contend that they have already provided that information during a state court eviction action. Second, Defendants argue that, as set forth in a motion to dismiss they have filed in this case,[5] Plaintiffs are on a "fishing expedition" for documents that do not exist concerning securitization. Defendants assert that they have consistently maintained, and set forth in prior legal proceedings with Plaintiffs, that the Note and Trust Deed were never securitized.[6]  Finally, Defendants argue that early discovery will impose prejudice.  As set forth in Defendants' motion to dismiss, this case is one of many legal proceedings against Defendants involving Plaintiffs and the subject property.[7]  Defendants maintain that, during prior legal proceedings, they have repeatedly provided Plaintiffs with the information they now seek through early discovery.

The court agrees with Defendants' arguments and concludes that Plaintiffs have failed to demonstrate good cause in support of their request for early discovery.  Requiring Defendants to engage in discovery before their motion to dismiss is decided would impose undue prejudice.  If Plaintiffs' complaint survives dismissal, they can certainly seek the information referenced above

---

[4] Docket no. 2 at 7.

[5] *See* docket no. 7.

[6] *See id*.

[7] *See id*.

during the normal course of discovery.  Accordingly, Plaintiffs' motion for early discovery is denied.

## II.  Plaintiffs' Motion for Judicial Notice

Pursuant to rule 201 of the Federal Rules of Evidence, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it:  (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(1)-(2).  "Rule 201 governs only judicial notice of adjudicative facts.  Adjudicative facts are simply the facts of the particular case."  *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1224 (10th Cir. 2007) (quotations and citations omitted); *see also* Fed. R. Evid. 201(a).

In this motion, Plaintiffs ask the court to take judicial notice of articles and cases on several websites that purportedly discuss the process of securitizing mortgage loans on the secondary market.  In their response to the motion, Defendants correctly note that Plaintiffs have failed to make any assertion that any of the information in question involves Defendants or the loan at issue in this case.  Indeed, as noted by Defendants, Plaintiffs own description of the information demonstrates that it comes from other jurisdictions and involve other banks and law firms.  Defendants also correctly note that Plaintiffs have failed to provide any evidence of the reliability or accuracy of the information.

The court concludes that the information that is the subject of Plaintiffs' motion does not constitute adjudicative facts, as required by rule 201, because it does not involve the specific facts or parties in this case.  Further, Plaintiffs have failed to establish that the information is

reliable or accurate, also as required by rule 201.  Accordingly, the court declines to take judicial notice of the information, and Plaintiffs' motion is denied.

* * * * *

In summary, **IT IS HEREBY ORDERED** that Plaintiffs' motion for early discovery[8] and motion for judicial notice[9] are both **DENIED**.

**IT IS SO ORDERED**.

DATED this 27th day of January, 2014.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[8] *See* docket no. 2.

[9] *See* docket no. 12.

5